

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x    CASE NO.: 1:20-cv-1755-GBD

KAREEM NELSON,

                   Plaintiff,

v.

ROCKSTER LITTLE ITALY PIZZA, INC.
d/b/a Little Italy Pizza, and 214 WEST
92ND STREET ASSOCIATES, LLC,

                   Defendants.

-----------------------------------------------------------x

~~PROPOSED~~ **DEFAULT JUDGMENT AGAINST ROCKSTER LITTLE ITALY PIZZA, INC. d/b/a Little Italy Pizza, and 214 WEST 92ND STREET ASSOCIATES, LLC**

THIS ACTION, having been commenced on February 27, 2020, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been served on Defendants, ROCKSTER LITTLE ITALY PIZZA, INC. d/b/a Little Italy Pizza, and 214 WEST 92ND STREET ASSOCIATES, LLC ("Defendants"), on March 9, 2020, and proof of such service having been filed, and the Defendants having failed to answer or otherwise respond to the Complaint as required by law, and the time to answer or otherwise respond to the Complaint having expired, it is hereby

ORDERED and ADJUDGED, as follows:

1. That Plaintiff has Judgment against Defendants ROCKSTER LITTLE ITALY PIZZA, INC. d/b/a Little Italy Pizza, and 214 WEST 92ND STREET ASSOCIATES, LLC, to correct the following architectural barriers and violations of the Americans with Disabilities Act ("ADA") within sixty (60) days (the "Remediation Order") at the facility commonly referred to as Little Italy Pizza, located at 2476 Broadway, New York, New York 10025 (hereinafter the "Subject Facility"):

    a. Inaccessible entrance at the Subject Facility.

b. Failure to provide an accessible route to the Subject Facility, for navigation by a wheelchair.

c. Failure to provide an accessible means of egress, at the existing step at the entrance of the Subject Facility, for navigation by a wheelchair, in that the existing step at the entrance of the Subject Facility acts as a barrier to accessibility.

d. The required minimum maneuvering clearance is not provided at the door of the main entrance of the Subject Facility.

e. Failure to provide a compliant change in the floor level within the required maneuvering clearance at the door of the main entrance of the Subject Facility, making the Subject Facility inaccessible to wheelchair bound patrons.

f. Inaccessible secondary entrance, in that the inoperable wheelchair platform lift located at the interior side of the secondary entrance of the Subject Facility is utilized to store equipment.

g. The required minimum maneuvering clearance is not provided at the door of the secondary entrance of the Subject Facility.

h. Directional signage indicating the location of the nearest accessible entrance is not provided as required at the exterior of the Subject Facility.

i. The required signage identified by the international symbol of accessibility is not provided at the secondary entrance of the Subject Facility.

j. Inaccessible dining tables: the required minimum knee and toe clearance is not provided at the dining tables and a minimum percentage of the existing dining tables required to be accessible is not provided.

k. Inaccessible dining counter: the non-compliant height of the dining counter exceeds the maximum height allowance, the required minimum knee and toe clearance is not provided at the dining counter, and the portion of the dining counter required to be accessible is not provided.

l. Failure to provide an accessible and compliant restroom in the Subject Facility in that the following violations were discovered during an inspection of the restroom in the Subject Facility:

   i. The existing signage identifying the restroom is posted at a non-compliant location.

   ii. The required minimum maneuvering clearance is not provided at the exterior side of the restroom door due to the storage of equipment acting as a barrier to accessibility.

   iii. The required minimum turning space is not provided in the restroom due to the storage of equipment.

   iv. Inaccessible water closet in the restroom, in that the required minimum clearance is not provided at the water closet in the restroom.

   v. Inaccessible flush control at the water closet in the restroom, in that the non-compliant position of the flush control is located at the closed side of the water closet in the restroom.

   vi. Inaccessible paper towel dispenser in the restroom, in that the non-compliant mounted height of the paper towel dispenser in the restroom exceeds the maximum height allowance.

      vii. Inaccessible mirror in the restroom, in that the non-compliant mounted height of the mirror in the restroom exceeds the maximum height allowance; and it is further

2. That the subject facility, located at 2476 Broadway, New York, New York 10025, which is currently leased, owned and operated by Defendants ROCKSTER LITTLE ITALY PIZZA, INC. d/b/a Little Italy Pizza, and 214 WEST 92ND STREET ASSOCIATES, LLC, shall be closed to the general public with all business operations ceased until Defendants fully comply with the terms of this Order.

3. That within sixty (60) days after entry of this Judgment, Defendants shall serve and file with this Court notice and evidence of its compliance with the terms hereof.

4. That the Court reserves jurisdiction to enforce the terms of this Judgment as set forth above, and upon full compliance by Defendants of the foregoing to hold such further proceedings as necessary to affix and award Plaintiff's damages, as well as, his attorneys' fees, costs and litigation expenses incurred through the date of Defendants' full compliance.

Dated: New York, New York
FEB 18 2021

SO ORDERED:

*George B. Daniels*
UNITED STATES DISTRICT JUDGE
HON. GEORGE B. DANIELS